TOBIAS, J.,
DISSENTS.
I respectfully dissent.
LI first note that the motion for summary judgment of the PCF was filed in the trial court on 24 July 2014, served upon counsel for plaintiff on 12 August 2014, for a hearing date of 12 September 2014. The plaintiffs opposition was filed on 4 September 2014, the statutory deadline date.
La. C.C.P. art. 966 A states in pertinent part:
(3) After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. (4) The only documents that may be filed in support *433 of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court. [Emphasis supplied.]
La. C.C.P. art. 966 D(2) states:
(2) The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically! 2 state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. [Emphasis supplied.]
The civil district court has not permitted documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court. Moreover, the copy of the affidavit was not filed in the trial court in electronically stored format.
La. C.C.P. art. 967 states:
A.Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts’ opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
C. If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
D. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this Article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney fees. Any offending party or attorney may be adjudged guilty of contempt.
| ¡¡These Code of Civil Procedure provisions must be read in connection with the Code of Evidence.
La. C.E. art. 1001 states:
*434 • For purposes of this Chapter the following definitions are applicable:
(1) Writings and recordings. “Writings” and “recordings” consist of letters, words, numbers, sounds, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.
(2) Photographs. “Photographs” include still photographs, X-ray films, video tapes, motion pictures, and their equivalents.
(3) Original. An “original” of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An “original” of a photograph includes the negative or any print therefrom. If data are stored in or copied onto a computer or similar device, including any portable or hand-held computer or electronic storage device, any printout or other output readable by sight, .shown to reflect the data accurately, is an “original”.
(4) Optical disk imaging system. An “optical disk imaging system” is a storage system that utilizes non-erasable Write Once Read Many (WORM) optical storage technology to record information on an optical disk with the use of laser technology, and that utilizes laser technology to retrieve and read previously stored information.
(5) Duplicate. A “duplicate” is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or electronic imaging, or by chemical reproduction, or by an optical disk imaging system, or by other equivalent techniques, which accurately reproduces the original..
(6) Electronic imaging. “Electronic imaging” is the process of storing and retrieving any record, document, data, or other information through the use of electronic data processing, or computerized, digital, or optical scanning, or other electronic imaging system. [Emphasis in original.]
La. C.E. art. 1002 provides:
|4To prove the content of a writiñg, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by this Code or other legislation.
La. C.E. art. 1003 reads in pertinent part:
A duplicate is admissible to the same extent as an original unless:
(1) A. genuine question is raised as to the authenticity of the original;
(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; ....
La. C.E. art. 1003.1 states:
A duplicate may not be deemed inadmissible or excluded from evidence solely because it is in electronic form or is a reproduction of electronically imaged or stored records, documents, data, or other information.
La. C.E. art. 1004 provides:
The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;
(2) Original not obtainable. No original can be obtained by any available judicial process or procedure;
*435 (3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing;
(4) Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue; or
(5) Impracticality of producing original. The original, because of its location, permanent fixture, or otherwise, cannot as a. practical matter be produced in court; or the cost or other consideration to. be incurred in securing the original is prohibitive and it appears that a copy will serve the evidentiary purpose. [Emphasis in original.]
The plaintiff attached to her opposition to the motion for summary judgment on the final deadline of 4 September 2014 only a copy of the affidavit of Dr, Larry Lutwick dated 4 September 2014 and did not disclose to opposing counsel Isor the court that it was a mere copy, not a signed original of the affidavit.[1] On the motion for new trial heard by the successor trial judge, the PCF’s counsel discovered that the affidavit filed and dated on 4 September 2014 attached to the plaintiffs opposition was but a copy when plaintiffs counsel filed subsequent affidavits of the affiant and the notary public concerning the authenticity of the 4 September 2014. purported affidavit. The PCF’s motion to strike followed this discovery, conforming to the requirements of La. C.C.P. art. 966 D(2); I do not find that La. C.E. arts. 1001, et seq. rescue the plaintiff from the clear mandates of La. C.C.P. arts. 966 A and D and 967.
I would grant the PCF’s motion to strike. The plaintiff was obligated to file the original affidavit of Dr. Larry Lutwick timely. To have filed in the trial court on 4 September 2014 as an attachment to her opposition to the motion' for summary judgment that which purports to be the original affidavit dated and executed on 4 September 2014 in Kalamazoo, Michigan, without clear articulation or disclosure that the document is not actually the signed original affidavit of Dr. Lutwich is inappropriate, notwithstanding a later (and after the hearing) explanation by counsel. La. C.C.P. art. 967 would have afforded the plaintiff a procedural vehicle to get the affidavit in evidence if disclosure of the facts had been timely and appropriately made. The plaintiff was obligated to seek a continuance of the hearing of the motion for summary judgment or seek application of Article 967 in order to properly present a certified copy of Dr. Lutwick’s affidavit to attach to the opposition.
Without Dr. Lutwick’s original affidavit, the affidavits of Dr. Marc Zimmerman, Ph.D. (in psychology) and Dr. Charles Herring, a doctor oJ^_ chiropractic medicine, are insufficient to refute or create genuine issues of material fact to refute the affidavits of Dr. John K. Willis, II, a physician who specializes in pediatrics and child neurology, and Dr. Patrice B. Evans, a physician who specializes in general pediatrics.

. One must note that only copies of original pleadings filed in the court need be served upon opposing parties and counsel; a copy served upon opposing counsel would not readily reveal that only a copy of the affidavit was filed absent disclosure by the proponent of the document.